1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| St. Paul Fire & Marine Insurance Company, Charter Oak Fire Insurance Company, and Travelers Indemnity Company of America,<br><br>    Plaintiffs,<br><br>v.<br><br>Lexington Insurance Company, American Home Insurance Company, Commerce & Industry Insurance Company, and Liberty Mutual Insurance Company,<br><br>    Defendants.<br>_____<br>Transportation Insurance Company and National Fire Insurance Company of Hartford,<br><br>    Cross-Claimants,<br><br>v.<br><br>Ohio Casualty Insurance Company, Maryland Casualty Company, American Safety Indemnity Company, Lexington Insurance Company, American Home Insurance Company, Commerce & Industry Insurance Company, Zurich American Insurance Company, Liberty Mutual Insurance Company, and American Guarantee & Liability Insurance Company,<br><br>    Cross-Defendants. | No. CV-11-1954-PHX-SMM<br><br>**ORDER** |

| | |
|---|---|
| 1 | |
| 2 | Zurich American Insurance Company, )
| 3 | Cross-Claimant, )
| 4 | v. )
| 5 | Ohio Casualty Insurance Company, )
| | American Safety Indemnity Company, )
| 6 | Lexington Insurance Company, )
| | Transportation Insurance Company, )
| 7 | American Home Insurance Company, )
| | Commerce & Industry Insurance )
| 8 | Company, Liberty Mutual Insurance )
| | Company, and National Fire Insurance )
| 9 | Company of Hartford, )
| 10 | Cross-Defendants. )
| 11 | |
| 12 | American Home Insurance Company and )
| | Commerce & Industry Insurance )
| 13 | Company, )
| 14 | Counter/Cross-Claimants, )
| 15 | v. )
| 16 | St. Paul Fire & Marine Insurance )
| | Company, Charter Oak Fire Insurance )
| 17 | Company, Travelers Indemnity Company )
| | of America, Ohio Casualty Insurance )
| 18 | Company, Maryland Casualty Company, )
| | American Safety Indemnity Company, )
| 19 | Transportation Insurance Company, )
| | Zurich American Insurance Company, )
| 20 | Liberty Mutual Insurance Company, )
| | National Fire Insurance Company of )
| 21 | Hartford, and American Guarantee & )
| | Liability Insurance Company, )
| 22 | |
| | Counter/Cross-Defendants. )
| 23 | |
| 24 | |
| | Lexington Insurance Company, )
| 25 | Counter/Cross-Claimant, )
| 26 | |
| | v. )
| 27 | |
| 28 | St. Paul Fire & Marine Insurance )
| | Company, Charter Oak Fire Insurance )

| | |
|---|---|
| 1 | Company, Travelers Indemnity Company ) |
| 2 | of America, Ohio Casualty Insurance ) Company, Maryland Casualty Company, ) |
| 3 | American Safety Indemnity Company, ) Transportation Insurance Company, ) |
| 4 | Zurich American Insurance Company, ) Liberty Mutual Insurance Company, ) |
| 5 | National Fire Insurance Company of ) Hartford, and American Guarantee & ) |
| 6 | Liability Insurance Company, ) ) |
| 7 | Counter/Cross-Defendants. ) ) |

Before the Court is a Stipulation of Dismissal between American Safety Indemnity Company ("ASIC"); and Lexington Insurance Company, American Home Assurance Company, and Commerce and Industry Insurance Company (collectively "AIG"). (Doc. 371.)

To be effective at this stage of the proceedings, a stipulated dismissal must be "signed by all parties who have appeared." Fed R. Civ. P. 41(a)(1)(A)(ii). There is non-binding authority to suggest that a stipulation signed by a plaintiff and some but not all defendants can be effective against those defendants who signed the stipulation. E.g., McNamara v. Edwards, 1993 WL 410689, 8 F.3d 28 (9th Cir. Oct. 15, 1993) (unpublished table decision). Alternatively, the Court may dismiss an action upon plaintiff's request on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). Thus, the Court may consider a defective Rule 41(a)(1)(A)(ii) dismissal signed by plaintiff pursuant to subsection (a)(2) of that Rule. Rule 41 "applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Id. 41(c).

ASIC is one of 11 Counter/Cross-Defendants to AIG's counter/cross-claims. (Docs. 153; 154; 155.) Some of AIG's Cross-Defendants have their own crossclaims against ASIC. (Docs. 120; 132; 214.) However, the only parties that signed the instant stipulation are AIG and ASIC (Doc. 371); therefore, the stipulation is not signed by all the parties to the action, nor is it signed by all the parties to AIG's crossclaim against ASIC. Notwithstanding the tangled and overlapping nature of the parties' claims, the instant stipulation is narrowly limited to dismissal of ASIC from just AIG's crossclaims, and not the crossclaims of other Cross-Claimants/Cross-Defendants. Under these terms, the Court considers dismissal of

1  ASIC from all of AIG's crossclaims—and only AIG's crossclaims—to be proper.

2  Accordingly,

3  **IT IS HEREBY ORDERED dismissing without prejudice ASIC** from **AIG's**
4  crossclaims.

5  DATED this 25th day of June, 2014.

Stephen M. McNamee
Senior United States District Judge